UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S. BAREFIELD, | No. 2:23-cv-01312-EFB P |
| Plaintiff, | |
| v. | ORDER |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), he has filed an application to proceed in forma pauperis (ECF No. 2). As discussed below, the in forma pauperis application is granted and the complaint is screened herein.

Leave to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Complaint

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

1

1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court has reviewed plaintiff's complaint pursuant to § 1915A and concludes that it must be dismissed with leave to amend for failure to state a claim upon which relief may be granted. Plaintiff, an inmate at Mule Creek State Prison (MCSP), names four defendants: the Secretary of the California Department of Corrections and Rehabilitation (CDCR), the Warden of MCSP, the Associate Director of the CDCR Office of Appeals, and the Mailroom Manager at (MCSP). ECF No. 1 at 2, 7.  Plaintiff alleges that, in 2021, while housed at MCSP, he did not receive cards and postage stamps mailed to him by family members. *Id.* at 9-10.  In November 2021, he filed an administrative grievance about problems receiving his mail. *Id*. at 11.  After the grievance was denied in January 2022, plaintiff filed an appeal, which was rejected as untimely. *Id.* at 12.  Plaintiff claims this denial was improper and that his grievance should have been "adjudicated on the merits." *Id.*  In August 2022, plaintiff attempted to send a drawing to his son, but it was returned to him even though he used proper procedures. *Id.* at 13-14.  In 2023, plaintiff received the cards family members sent to him in 2021. *Id*. at 14-15.  Plaintiff claims that defendants denied him the right to receive mail and violated his due process rights in the handling of his grievance. *Id.* at 4-6.  Plaintiff's allegations fail to state a cognizable federal claim under the standards set forth below.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable

for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). In sum, plaintiff must identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation.

### 1. Right to Receive Mail

Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Nevertheless, correctional institutions and jails have a legitimate governmental interest in imposing certain restraints on inmate or detainee correspondence to maintain order and security. *See Procunier v. Martinez*, 416 U.S. 396, 413 (1974), overturned on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401, 413–14 (1989). For example, inmates and detainees may have their mail screened to ensure that there is no contraband inside. *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017).

A prison may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987). The *Turner* standard applies to regulations and practices concerning all correspondence between prisoners and regulations concerning incoming mail received by prisoners from non-prisoners. *See Thornburgh*, 490 U.S. at 413. Prisoners also have a liberty interest in the receipt of mail, including subscription publications, which triggers procedural due process guarantees. *Krug v. Lutz*, 329 F.3d 692, 696-697 (9th Cir. 2003). If prison officials withhold mail, a prisoner has a due process right to receive notice that his incoming mail is being withheld. *See Frost v. Symington*, 197 F.3d 348, 353-54 (9th Cir. 1999); *see also Prison Legal News v. Cook*, 238 F.3d 1145, 1152-53 (9th Cir. 2001) (holding that due process rights apply to withheld mail where prisoners had constitutionally protected right to receive the mail). A prisoner also has a due process right to appeal the exclusion of mail to a prison official other than the one who made the initial exclusion decision. *See Krug*, 329 F.3d at 697-98 & n.5. Here, plaintiff does not allege that any defendant implemented a policy or procedure that resulted in his incoming mail being delayed, nor that any defendant personally caused a violation of his constitutional rights.

### 2. No Right to Specific Grievance Procedure

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "The Supreme court has held that a State creates a protected liberty by placing substantive limitations on official discretion, [and] that to obtain a protectable right an individual must have a legitimate claim of entitlement to it, [but] there is no legitimate claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (citations and quotations omitted). Plaintiff's allegations of a due process violation arising from the processing of his inmate grievance fails to state a claim because there is no protected liberty interest or independent constitutional right to a prison administrative appeal or grievance system. *Id.*; *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." (citing *Mann*, 855 F.2d at 640)).

Because plaintiff fails to state a cognizable claim under these standards, his complaint is dismissed with leave to amend in accordance with the requirements set forth in this order.

### Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George,* 507 F.3d at 607. Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

////

////

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted;
2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order; and
3. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: September 20, 2023

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE