1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                     FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    MICHAEL S. BAREFIELD, SR.,                    No.  2:23-cv-01312-DC-EFB (PC)

10                      Plaintiff,

11          v.                                      ORDER

12   K. GIBBS,

13                      Defendant.

14

15          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

16   U.S.C. § 1983.  ECF No. 11.  On March 12, 2024, pursuant to 28 U.S.C. § 1915A(a), the court

17   determined that plaintiff's first amended complaint (FAC) alleged a potentially cognizable First

18   Amendment claim against defendant K. Gibbs, who is employed as a mailroom supervisor at

19   Mule Creek State Prison.[1]  ECF No. 12 at 5.  Defendant now moves for a more definite statement

20   under Rule 12(e).[2]  ECF No. 18.  Plaintiff has not responded.

21          [1]  Plaintiff's claims against Kathleen Allison and Patrick Covello were dismissed with
     leave to amend within 30 days.  ECF No. 12 at 5.  Plaintiff's claims against Howard Moseley
22   were also dismissed without prejudice.  ECF No. 19 at 2.  Plaintiff did not file any further
     amendment of the FAC.
23
            [2]  Because defendant's motion requests relief only under Rule 12(e), and does not seek
24   dismissal in the alternative, it is a non-dispositive motion within the purview of a magistrate
     judge.  *Callum v. Austin Capital Bank*, No, 2:21-cv-01484-JAM-CKD-PS, 2021 WL 4594510, at
25   *1 n.2 (E.D. Cal. Oct. 6, 2021) ("Under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil
     Procedure 72, federal magistrate judges have authority to issue orders on certain 'non-dispositive'
26   matters.'"); *see also Alvarez v. Morris-Shea Bridge Company, Inc*., No. 1:23-cv-01725-JLT-
     BAM, 2024 WL 1722415 (E.D. Cal. Apr. 22, 2024) (magistrate judge's recommendation
27   regarding motion for Rule 12(b)(6) dismissal or for alternative relief of more definite statement
     under Rule 12(e)); *Selck v. County of Sacramento Board of Supervisors*, No. 2:19-cv-952-JAM-
28   EFB PS, 2020 WL 1046807 (E.D. Cal. Mar. 4, 2020) (same).

1

The Rule 12(e) Motion

2    Defendant's motion states that she seeks to obtain the dates, timeframes, and actions

3  attributable to Defendant Gibbs in order to respond to the operative complaint and develop a

4  defense.  She adds that her "request is not burdensome as the requisite information was contained

5  in a Statement of Facts attachment to the initial complaint, but omitted from the operative First at

6  Amended Complaint (FAC) (ECF No. 1 at 7-15.)."  ECF No. 18-1 at 2.  Plaintiff neither

7  appended the statement of claim to his FAC, nor requested permission pursuant to Local Rule 220

8  for his FAC to include the statement of claim.

9    Defendant maintains that the allegations of the FAC are overly broad and fail to

10  adequately inform her of plaintiff's claims.   ECF No. 18-1 at 3.  Defendant argues that Local

11  Rule 220 does not permit her to rely upon the original complaint and its statement of claim.  *Id*.

12  According to defendant, it is excessively difficult to respond to the FAC because plaintiff has

13  been in custody for at least four years and she cannot formulate response without having more

14  specific time frames for when the First Amendment violations may have occurred.  *Id*.  Defendant

15  asks the court to direct plaintiff to amend the FAC to incorporate the factual allegations against

16  her in the statement of claim, or alternatively to direct plaintiff to amend the FAC to include the

17  entire statement of claim.  *Id*.

18

Rule 12(e)

19    Rule 12(e) motions for a more definite statement are generally disfavored because of: (1)

20  the liberal pleading standard in Rule 8(a); and (2) the availability of extensive discovery in the

21  Federal Rules.  *Famolare, Inc. v. Edison Bros. Stores, Inc*., 525 F. Supp. 940, 949 (E.D. Cal.

22  1981); *Apothio, LLC, v. Kern County*, 599 F. Supp. 3d 983, 999 (E. D. Cal. 2022).  A Rule 12(e)

23  motion is granted only if the complaint fails to fairly notify defendant of the nature of plaintiff's

24  claim to such an extent that the defendant cannot frame a responsive pleading.  *Apothio*, 599 F.

25  Supp. 3d at 999.  The motion may be denied if details sought by a Rule 12(e) motion are

26  obtainable through discovery.  *C.B. v. Sonora School Dist*., 691 F. Supp. 2d 1170, 1191 (E.D.

27  Cal. 2010).  The court has wide discretion in deciding whether to grant a Rule 12(e) motion.  *Id*.

28

2

1    *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002), cited in defendant's motion, holds

2    that plaintiffs in constitutional tort cases are not held to a heightened standard for pleading

3    improper motive. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-1126 (9th Cir. 2002).

4    "The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system,

5    which was adopted to focus litigation on the merits of a claim." *Swierkiewicz*, 534 U.S. at 514

6    (citation omitted). *Swierkiewicz* did not articulate an expansive standard for a Rule 12(e) motion.

7    The Supreme Court in *Swierkiewicz* merely observed that Rule 12(e) provides a means to obtain a

8    more definite statement, just as "claims lacking merit may be dealt with through summary

9    judgment under Rule 56." *Id.*

                                          Analysis

11         The First Amendment claim in the original complaint was dismissed on screening because

12   it failed to allege that any defendant implemented a policy or procedure that resulted in plaintiff's

13   incoming mail being delayed or that any defendant personally caused a violation of plaintiff's

14   constitutional rights.  ECF No. 8 at 3.  Whether plaintiff intentionally or unintentionally omitted

15   the "Statement of Facts" attached to the initial complaint, his First Amendment claim included in

16   the FAC survived screening on a finding that the complaint sufficiently alleges that defendant

17   withheld plaintiff's mail without legitimate reason, ECF No. 12 at 4, and that is now the operative

18   complaint on which this case proceeds.  While defendant correctly observes that the attachment to

19   plaintiff's earlier complaint could easily be attached to a newly amended complaint, the FAC has

20   survived screening without it.  And while perhaps plaintiff's complaint would, in defendant's

21   view, be easier to address in an Answer or other responsive pleading if the Statement of Facts

22   were included, the FAC can nevertheless be adequately addressed in a such a pleading.

23         In this case as in any other, if defendant files a Rule 7 answer to the complaint, Rule

24   8(b)(5) permits her to state that she lacks knowledge or information sufficient to form a belief

25   about the truth of an allegation. *See Atlas Lifting & Rigging, LLC v. Berner*, No. 2:23-cv-00808-

26   KJM-AC, 2023 WL 5836199, at *1 (E.D. Cal. Sept. 8, 2023) (denying motion to strike answer

27   because the answer complied with Rule 8 "by admitting some allegations, denying some

28   allegations specifically, denying others generally and stating [defendant] lacks knowledge or

1    information to admit or deny some allegations").  An answer that pleads lack of sufficient

2    knowledge or information is treated as a denial of the allegation.  *Chartwell Staffing Services, Inc.*

3    *v. Jaemar, Inc.*, No. 23-cv-01382-AJB-KSC, 2023 WL 7006797, at *2 (S.D. Cal. Oct. 24, 2023).

4    Such an answer is adequate "[w]here the response fairly meets the substance of the averment

5    being denied."  *Id.* (citing *Albert's Organics, Inc. v. Holzman*, No. 19-CV-07477-PJH, 2020 WL

6    3892861, at *3 (N.D. Cal. July 10, 2020)).  Courts disfavor ruling on factual questions at the

7    pleading stage, and "'absent a finding of bad faith, factual allegations in the complaint (or

8    answer) must be tested through the normal mechanisms for adjudicating the merits.'"  *Id.*

9    (quoting *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 n.3 (9th Cir. 2007)); *see also*

10   *Uriarte v. Schwarzenegger*, No. 06-CV-1558 W (WMC), 2010 WL 2792000, at *1 (S.D. Cal.

11   July 14, 2010) (finding that defendant's answers citing lack of knowledge or information "are

12   legitimate denials based on a lack of information").

13        In this case as in any other, defendant may use discovery to inquire about the factual bases

14   for plaintiff's allegations.  And contrary to plaintiff's argument, Local Rule 220 does not

15   constrain defendant's use of discovery to flesh out the factual details of plaintiff's First

16   Amendment allegations in his FAC.

17        For these reasons, the court must deny defendant's motion.

18                              Conclusion

19        Accordingly, it is ORDERED that:

20   1.  Defendant's motion for more definite statement, ECF No. 12, is DENIED; and

21   2.  Defendant may conduct discovery about the factual allegations contained in the

22        original complaint; such permission should in no way be viewed as limiting the

23        permissible scope of discovery, or as limiting plaintiff's First Amendment claim to the

24        factual allegations of the original complaint.

25   Dated: February 14, 2025

26                                          EDMUND F. BRENNAN
                                            UNITED STATES MAGISTRATE JUDGE

27

28

4